
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EPIC AVIATION CANADA, INC.,  
a Canadian corporation,

        Plaintiff,

   v.

ENERCHEM INTERNATIONAL, INC.  
a Canadian corporation,

        Defendants.

Civ. No. 11-6099-AA  
OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit in state court alleging breach of contract and unjust enrichment. Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441, alleging jurisdiction based on diversity of citizenship and the amount in controversy. Plaintiff moves for remand, arguing that diversity jurisdiction does not exist in a case involving two foreign corporations. I agree.

1 - OPINION AND ORDER

A party asserting diversity jurisdiction must allege complete diversity of citizenship between the parties. See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996) (discussing requirements of diversity to establish subject matter jurisdiction); <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff."). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated <u>and</u> of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added); <u>Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.</u>, 117 F.3d 1128, 1234 (9th Cir. 1997) ("[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business.") (quoting <u>Breitman v. May Co.</u>, 37 F.3d 562, 564 (9th Cir. 1994)).

Plaintiff is a corporation "organized and existing under the laws of Canada." Compl., p. 1. Thus, for purposes of diversity jurisdiction, plaintiff is considered a citizen of Canada. Defendant is also incorporated in Canada and likewise is deemed a citizen of Canada. Therefore, on the face of plaintiff's Complaint and defendant's Notice of Removal, complete diversity is lacking between plaintiff and defendant. <u>Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.</u>, 20 F.3d 987, 991 (9th Cir. 1994)

(diversity jurisdiction "does not encompass a foreign plaintiff suing foreign defendants"); see Def.'s Notice of Removal, p. 2 ("Plaintiff Epic Aviation Canada, Inc. was, when it filed its complaint, and is now, a corporation organized and existing under the laws of Canada . . . . Defendant Enerchem International, Inc., was, when the plaintiff filed its complaint, and is now, a corporation organized under the laws of Canada."). I therefore grant plaintiff's motion to remand.

I further find that plaintiff is entitled to its fees in seeking remand, because defendant's removal to federal court lacked any basis in law or fact. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Both plaintiff and defendant are incorporated in Canada, and as defendant recognizes, § 1332(c) applies to foreign corporations. Danjaq, S.A. v. Pathe Commc'n Corp., 979 F.2d 772, 773-74 (9th Cir. 1992) (there is no distinction "between those corporations incorporated in a state of the United States and those incorporated in a foreign country for purposes of § 1332(c)"). Section 1332(c) explicitly provides that corporations are deemed citizens of their places of incorporation for jurisdictional purposes. Therefore, under the plain and unequivocal language of the statute, plaintiff and defendant are deemed citizens of Canada, and no basis for remand existed.

3 - OPINION AND ORDER

Further, the cases on which defendant relies do not provide reasonable grounds for removal. Defendant cites <u>Mutuelles Unies v. Droll & Linstrom</u>, 957 F.2d 707 (9th Cir. 1992) for the proposition that a corporation's "dual citizenship" does not destroy jurisdiction when an opposing party is of the same citizenship. Not only is defendant's assertion contrary to the plain language of § 1332(c)(1), <u>Mutuelles</u> involved diversity jurisdiction "between 'citizens of a State and citizens or subjects of a foreign state'" and the dual citizenship of an individual, not a corporation. 957 F.2d at 711 (quoting 28 U.S.C. 1332(a)(2)). Thus, <u>Mutuelles</u> is inapposite. <u>See also</u> <u>Nike</u>, 20 F.3d at 990.

Defendant also relies on <u>Industrial Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090 (9th Cir. 1990) for the well-settled principal that courts may utilize the "corporate activities test" to determine a corporation's principal place of business. There, however, the plaintiff and defendants were incorporated in different states, and thus the plaintiff's principal place of business determined the exercise of diversity jurisdiction. <u>Indus. Tectonics</u>, 912 F.3d at 1092 ("Defendants-appellees DCPI and Aero are both California citizens because they are incorporated in California. ITI is not incorporated in California. Thus, ITI can establish federal diversity jurisdiction by proving that California is not its principal place of business.").

Here, plaintiff's principal place of business and potential

4 - OPINION AND ORDER

Oregon citizenship are irrelevant when plaintiff and defendant are both deemed citizens of Canada for diversity purposes under the plain and unequivocal language of § 1332(c). Accordingly, contrary to defendant's assertion, this motion involved no "close issues" of law or fact, and plaintiff is entitled to its fees in seeking remand. Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006) ("There being no objectively reasonable basis for removal, the district court did not abuse its discretion in awarding attorney's fees under § 1447(c)."); see also Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (district court may award fees "where the removing party lacked an objectively reasonable basis for seeking removal").

## CONCLUSION

Plaintiff's Motion to Remand (doc. 7) is GRANTED, and this case is remanded to the Circuit Court of the State of Oregon for Marion County. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens (doc. 12) is DENIED as moot. Within fourteen days from the date of this order, plaintiff shall submit its reasonable attorney fees incurred in seeking remand.
IT IS SO ORDERED.
Dated this 30th day of September, 2011.

_____
Ann Aiken
United States District Judge

5 - OPINION AND ORDER