IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EPIC AVIATION CANADA, INC.,                     Civ. No. 11-6099-AA
a Canadian corporation,                                     ORDER

       Plaintiff,

  v.

ENERCHEM INTERNATIONAL, INC.
a Canadian corporation,

       Defendants.
_____

AIKEN, Chief Judge:

    Plaintiff filed suit in state court alleging breach of contract and unjust enrichment. Defendant removed this action to federal court, and plaintiff then sought remand on grounds that diversity jurisdiction did not exist in a case involving two foreign corporations. I granted plaintiff's motion to remand and found that plaintiff was entitled to attorney fees necessarily

1   - ORDER

incurred in seeking remand pursuant to 28 U.S.C. § 1447(c). Plaintiff now requests an award of fees in the amount of $10,640.00.

Defendant opposes the amount sought for several reasons. Defendant first argues that plaintiff's submission insufficiently details the time spent on specific tasks. I find the descriptions sufficiently detailed for each identified block of time. Next, defendant argues that work spent on plaintiff's corporate disclosure statement does not fall within the scope of a fee award under § 1447(c). However, § 1447(c) authorizes an award of fees "incurred as a result of the removal," and plaintiff was required to file a corporate disclosure statement upon removal of the case to this court. L.R. 7.1-1.

Defendant also contends that plaintiff should not recover fees for time spent responding to defendant's discovery and preparing a stipulated protective order, arguing that the discovery and protective order will be useful during subsequent litigation between the parties. I disagree. The scope of defendant's discovery requests went far beyond the relatively narrow contract claim brought by plaintiff for payment of taxes on a product sold to defendant. Moreover, plaintiff offered to stipulate to jurisdictional facts. Further, the scope of the discovery sought by defendant necessitated the protective order entered into by the parties. Therefore, I find that the fees for discovery and the

protective order were incurred as a result of the removal and plaintiff's subsequent motion to remand.

Finally, defendant argues that plaintiff seeks reimbursement of fees at counsel's rate for discovery responses and document production that could have been delegated to paralegal or clerical staff. Upon review of plaintiff's submission, I do not find the work described to be necessarily clerical or administrative in nature, and I find the requested fees reasonable.

Accordingly, plaintiff's Petition for Attorneys' Fees (doc. 31) is GRANTED and plaintiff is awarded $10,640.00 in attorneys fees.

IT IS SO ORDERED.

Dated this 6th day of January, 2012.

_____
Ann Aiken
United States District Judge

3    - ORDER